UNITED STATES DISTRICT COURT  
WESTERN DISTRICT OF NEW YORK

Revised 07/07 WDNY

**FILED OCT 2 5 2017  MARY C. LOEWENGUTH, CLERK  WESTERN DISTRICT OF NY**

Jessica Montgomery

Jury Trial Demanded: Yes ✓ No ____

_____  
Name(s) of Plaintiff or Plaintiffs

-vs-

PFL Beverage Services IV, LLC, TPG Companies, Inc., TPG Hospitality, Inc., TPG Rochester Hotel Manager LLC, D/B/A Hyatt Regency Rochester

Name of Defendant or Defendants

**DISCRIMINATION COMPLAINT**

____-CV-____

**17 CV 6734 (CJS)**

You should attach a copy of your **original Equal Employment Opportunity Commission (EEOC) complaint**, a copy of the Equal Employment Opportunity Commission **decision**, AND a copy of the **"Right to Sue"** letter you received from the EEOC to this complaint. Failure to do so may delay your case.

**Note:** Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.

This action is brought for discrimination in employment pursuant to *(check only those that apply)*:

_____ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub.L.No. 102-166) (race, color, gender, religion, national origin).
   **NOTE:** In order to bring suit in federal district court under Title VII, you **must first obtain a** <u>right to sue letter</u> from the Equal Employment Opportunity Commission.

_____ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634 (amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of 1986, Pub.L.No. 99-592, the Civil Rights Act of 1991, Pub.L.No. 102-166).
   **NOTE:** In order to bring suit in federal district court under the Age Discrimination in Employment Act, you **must first** <u>file charges</u> with the Equal Employment Opportunity Commission.

✓ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112-12117 (amended by the Civil Rights Act of 1991, Pub.L.No. 102-166).
   **NOTE:** In order to bring suit in federal district court under the Americans with Disabilities Act, you **must first obtain a** <u>right to sue letter</u> from the Equal Employment Opportunity Commission.

**JURISDICTION** is specifically conferred upon this United States District Court by the aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343. Jurisdiction may also be appropriate under 42 U.S.C. §§ 1981, 1983 and 1985(3), as amended by the Civil Rights Act of 1991, Pub.L.No. 102-166, and any related claims under New York law.

**In addition to the federal claims indicated above**, you may wish to include New York State claims, pursuant to 28 U.S.C. § 1367(a).

✓ New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297 (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status).

## PARTIES

1. My address is: 165 Queensboro Road, Rochester, New York 14609

   My telephone number is: (315) 767-8218

2. The name of the employer(s), labor organization, employment agency, apprenticeship committee, state or local government agency who I believe discriminated against me is/are as follows:

   Name: TPG Rochester 1 Hotel Manager, LLC.

   Number of employees: 175+

   Address: 125 East Main Street, Rochester, New York 14604

3. (If different than the above), the name and/or the address of the defendant with whom I sought employment, was employed by, received my paycheck from or whom I believed also controlled the terms and conditions under which I were paid or worked. (For example, you worked for a subsidiary of a larger company and that larger company set personnel policies and issued you your paycheck).

   Name: _____

   Address: _____

## CLAIMS

4. I was first employed by the defendant on (date): 04/21/2016

5. As nearly as possible, the date when the first alleged discriminatory act occurred is: _____
   __08/07/2016__

6. As nearly as possible, the date(s) when subsequent acts of discrimination occurred (if any did): __08/08/16 , 08/20/16 , 08/26/16__

7. I believe that the defendant(s)

   a. _____   Are still committing these acts against me.
   b. __✓__   Are not still committing these acts against me.
   (Complete this next item **only** if you checked "b" above)  The last discriminatory act against me occurred on (date) __09/26/2016__

8. (Complete this section **only** if you filed a complaint with the New York State Division of Human Rights)

   The date when I filed a complaint with the New York State Division of Human Rights is
   _____
   _ (estimate the date, if necessary)

   I filed that complaint in (identify the city and state): _____

   The Complaint Number was: _____

9. The New York State Human Rights Commission did _____ /did not _____ issue a decision. (**NOTE:** If it **did** issue a decision, you **must attach** one copy of the decision to **each** copy of the complaint; failure to do so will delay the initiation of your case.)

10. The date (if necessary, estimate the date as accurately as possible) I filed charges with the Equal Employment Opportunity Commission (EEOC) regarding defendant's alleged discriminatory conduct is: __02/06/2017__

11. The Equal Employment Opportunity Commission did __✓__ /did not _____ issue a decision. (**NOTE:** If it **did** issue a decision, you **must attach** one copy of the decision to **each** copy of the complaint; failure to do so will delay the initiation of your case.)

12. The Equal Employment Opportunity Commission issued the attached Notice of Right to Sue letter which I received on: __09/29/2017__. (**NOTE:** If it

3

**did** issue a Right to Sue letter, you **must attach** one copy of the decision to **each** copy of the complaint; failure to do so will delay the initiation of your case.)

13. I am complaining in this action of the following types of actions by the defendants:

    a. _____ Failure to provide me with reasonable accommodations to the application process

    b. _____ Failure to employ me

    c. \_\_✓\_\_\_\_ Termination of my employment

    d. _____ Failure to promote me

    e. _____ Failure to provide me with reasonable accommodations so I can perform the essential functions of my job

    f. _____ Harassment on the basis of my sex

    g. _____ Harassment on the basis of unequal terms and conditions of my employment

    h. _____ Retaliation because I complained about discrimination or harassment directed toward me

    i. _____ Retaliation because I complained about discrimination or harassment directed toward others

    j. _____ Other actions (please describe) _____
    _____

14. Defendant's conduct is discriminatory with respect to which of the following *(check all that apply)*:

    a. _____ Race              f. _____ Sexual Harassment

    b. _____ Color             g. _____ Age
    _____ Date of birth

    c. _____ Sex
    h. \_\_✓\_\_ Disability
    d. _____ Religion          Are you incorrectly perceived as being disabled by your employer?

    e. _____ National Origin    \_\_\_ yes \_✓\_ no

15. I believe that I was \_\_✓\_/was not _____ **intentionally** discriminated against by the defendant(s).

4

16. I believe that the defendant(s) is/are _____ is not/are not __✓__ still committing these acts against me. (If you answer is that the acts are not still being committed, state when: __09/26/2016__ and why the defendant(s) stopped committing these acts against you: __They sent me a letter of seperation from employment.__

17. **A copy of the charge to the Equal Employment Opportunity Commission is attached to this complaint and is submitted as a brief statement of the facts of my claim.** (NOTE: You **must** attach a copy of the **original complaint** you filed with the Equal Employment Opportunity Commission and a copy of the **Equal Employment Opportunity Commission affidavit** to this complaint; failure to do so will delay initiation of your case.)

18. The Equal Employment Opportunity Commission *(check one)*:
    _____ **has not** issued a Right to sue letter
    __✓__ **has** issued a Right to sue letter, which I received on __09/29/2017__

19. State here as briefly as possible the *facts* of your case. Describe how each defendant is involved, including *dates* and *places*. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. *(Use as much space as you need. Attach extra sheets if necessary.)*

    I fainted at work on 7/20/16. My boss (Craig) overheard me telling the paramedics about my disabilities. While I was out on medical leave, I was told by a supervisor that Craig (the Assistant Manager) was trying to get me fired. I came back early from medical leave out of fear for my job. Craig then spent the next few weeks making my job harder and disregarding my doctor's orders before finally giving me an ultimatum on 08/26/16. He gave me a written warning, my first and only, and said I could either take a lower paying job with no guaranteed hours or be fired. I said, under duress, that I would take it, but there was no job. I tried for 2 weeks to get my hours but no one could give me any information. I finally received a dismissal letter in the mail on 09/26/16.

**FOR LITIGANTS ALLEGING AGE DISCRIMINATION**

20. Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct
    _____ 60 days or more have elapsed      _____ less than 60 days have elapsed

**FOR LITIGANTS ALLEGING AN AMERICANS WITH DISABILITIES ACT CLAIM**

21. I first disclosed my disability to my employer (or my employer first became aware of my disability on __July 20th, 2016__.

5

22. The date on which I first asked my employer for reasonable accommodation of my disability is ___07/20/2016___

23. The reasonable accommodations for my disability (if any) that my employer provided to me are: ___None. They made work harder for me.___

24. The reasonable accommodation provided to me by my employer were ____/were not __✓__ effective.

**WHEREFORE**, I respectfully request this Court to grant me such relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees.

Dated: __10/20/17__                    _____
                                            Plaintiff's Signature

6



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Buffalo Local Office**

6 Fountain Plaza, Suite 350
Buffalo, NY 14202
(716) 551-3355
TTY (716) 551-5923
FAX (716) 551-4387

*Jeremy M. Boyd*
*Equal Opportunity Investigator*

Jessica Montgomery
165 Queensboro Road
Rochester, NY 14609

Re:   EEOC Charge No.: 525-2017-00272
      Jessica Montgomery v. TPG Rochester 1 Hotel Manager, LLC

Dear Ms. Montgomery:

The Equal Employment Opportunity Commission (hereinafter referred to as the "Commission"), has reviewed the above-referenced charge according to our charge prioritization procedures. These procedures, which are based on a reallocation of the Commission's staff resources, apply to all open charges in our inventory and call for us to focus our limited resources on those cases that are most likely to result in findings of violations of the laws we enforce.

In accordance with these procedures, we have evaluated your charge based upon the information and evidence submitted. You allege that you were subjected to different terms and conditions of employment, denied a reasonable accommodation, and discharged because of your disability.

The evidence uncovered in this investigation shows that there were conduct issues that Respondent addressed with you. The evidence shows that Respondent warned you regarding and attempted to place you in a position in which you would have less contact with individuals. The evidence also shows that you failed to return Respondent's attempts to contact you following this counseling; thus, leading to your discharge. There is no evidence of any discriminatory animus against you because of your disability.

The Commission's processing of this charge has been concluded. Included with this letter is your Notice of Dismissal and Right to Sue. Following this dismissal, you may only pursue this matter by filing suit against the Respondent named in the charge within 90 days of receipt of said notice or by contacting the New York State Division of Human Rights. Otherwise, your right to sue will be lost. Please contact Investigator Jeremy Boyd at (716) 551-3355 if you have any questions.

Sincerely,

_____ for
John E. Thompson Jr.
Director
Buffalo Local Office

Date: SEP 2 9 2017

CC:   Camilla M. Scannell
      Thomas &Solomon, LLP
      693 East Avenue
      Rochester, NY 14607

EEOC Form 161 (11-16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Jessica Montgomery<br>165 Queensboro Road<br>Rochester, NY 14609 | From: | Buffalo Local Office<br>6 Fountain Plaza<br>Suite 350<br>Buffalo, NY 14202 |
|---|---|---|---|

|  | *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))* | |
|---|---|---|
| EEOC Charge No. | EEOC Representative | Telephone No. |
| 525-2017-00272 | Jeremy M. Boyd,<br>Investigator | (716) 551-3355 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

John E. Thompson,
Local Office Director

SEP 2 9 2017

*(Date Mailed)*

Enclosures(s)

cc:  T.P.G. ROCHESTER 1 HOTEL MANAGER
c/o Scott P. Rogoff
BARCLAY DAMON LLP
2000 Five Star Plaza
100 Chestnut Street
Rochester, NY 14604

Camilla M. Scannell
THOMAS & SOLOMON, LLP
693 East Avenue
Rochester, NY 14607

JESSICA MONTGOMERY,

     *Charging Party,*

v.

PFL BEVERAGE SERVICES IV, LLC, TPG COMPANIES, INC., TPG HOSPITALITY, INC., TPG ROCHESTER 1 HOTEL MANAGER LLC, D/B/A HYATT REGENCY ROCHESTER,

     *Respondents.*

EEOC AFFIDAVIT

Charge No. 525-2017-00272

RECEIVED

FEB 0 6 2017

E.E.O.C. BULO

STATE OF NEW YORK)
       ss:
COUNTY OF MONROE)

Jessica Montgomery, being duly sworn, deposes and states:

1. I reside at 165 Queensboro Road, Rochester New York 14609.

2. I have retained Thomas & Solomon LLP, Elizabeth C. Curwin, Esq. to represent me in this matter. You may contact Ms. Curwin at (585) 272-0540.

*Respondents' Business*

3. My employers were PFL Beverage Services IV, LLC, TPG Companies, Inc., TPG Hospitality, Inc., and TPG Rochester 1 Hotel Manager LLC d/b/a Hyatt Regency Rochester ("Respondents," "Hyatt"), which are companies that provide management and operational services to hotels.

*Relevant Work History*

4. I was employed by Respondents at Hyatt Regency Rochester for approximately four months as a bartender.

*Basis For Believing There Was Discrimination*

5. I was terminated by Respondents because of my disabilities.

6. On July 20, 2016, I fainted at work and an ambulance was called. When the ambulance arrived, my manager Craig overheard me tell the paramedics that I have fibromyalgia and gastroparesis, both of which are incurable and lifelong disabilities.

7. Prior to fainting at work, I was never written up or otherwise warned about my job performance. In fact, Lottie Alexander, a supervisor who worked for Respondents, told me I was "great at my job," and I was regularly complimented by guests on my service skills. Further, Respondents took photographs and videos of me preparing drinks to use in their social media campaigns. Respondents did not take videos or photographs of any other bartenders at my work location for their social media outlets.

8. On July 28, 2016, I had surgery to remove my gallbladder. On August 7, 2016, I went into the Hyatt to discuss my return to work. I was informed that Craig told Lori, the manager of the Food and Beverage Department, that I was a bad employee and that he was trying to get me fired while I was out on legally protected medical leave.

9. I returned to work on August 8, 2016. Upon my return, I informed Craig that my doctor had placed me on a 5 to 10 pound lifting restriction so that I could recover from my gallbladder surgery.

10. On or around August 8, 2016, Craig told me that I had to stay late to move items behind the bar. These items were heavy and exceeded my 5 to 10 pound lifting restriction. Craig also made me stay late on at least one other occasion during my first week back after my surgery, even though he saw me nearly pass out as a result of spending long hours working on my feet. When I asked Craig whether he could give some of my hours to

- 2 -

another bartender, Adrianna, he refused because he said Adrianna had to work long hours to cover my shifts while I was out on medical leave.

11. On August 25, 2016, I was written up for minor infractions, some of which were based on inaccurate information or were infractions that my colleagues committed without disciplinary consequence.

12. Shortly after I fainted at work, Craig told me that I had to accept a lower-paying job as a banquet server or else I would be terminated. Given that I had no alternative options, I agreed to take the lower-paying banquet server position.

13. Respondents refused to disclose my new hourly wage, but I knew based on conversations with other banquet staff and Respondents that I would earn less in my new position than I did as a bartender because I would not be guaranteed hours and would earn less tips.

14. Although I accepted the new, lower-paying position, I was never scheduled for any shifts as a banquet server.

15. I made numerous inquiries to Craig and to a Human Resources representative, Patrick Clark, to find out when I would be scheduled or whether I was still employed. For instance, I emailed Patrick twice to discuss the status of my job. I also called Craig approximately three to four times in September of 2016. Many of my calls were not returned, and neither Craig nor Patrick would tell me whether I had a job.

16. On September 26, 2016, Respondents mailed me a notice informing me that I was no longer employed by the Hyatt.

*Personal Harm*

17. Due to the willful conduct of Respondents, I have lost pay and other

benefits and have suffered great emotional distress.

*Respondents' Explanation*

18. Respondents have suggested that they terminated my position because of performance issues even though I was never written up or notified of any performance-related issues prior to fainting at work. To the contrary, prior to my medical issues being discovered on July 20, 2016 when I fainted at work, I was frequently praised for my job performance while working for Respondents.

*Witnesses*

19. The best witnesses would be Respondents' officials who engaged in the discriminatory practices. Among those individuals are: Craig, Assistant Manager of the Food and Beverage Department and my supervisor at the Hyatt; and Lori, Manager of the Food and Beverage Department. Additionally, Jason Young, a supervisor at the Hyatt who works directly with management, was present during the conversation between Craig and Lori in which Craig indicated he wanted to terminate me while I was out on medical leave. Jason also stayed late to help me move heavy items behind the bar after my surgery, witnessed Craig issue my write up, and heard Craig tell me that I had to accept a job as a banquet server or else I would be terminated.

*Remedy*

20. I am seeking all the remedies available to me under law. This includes, but is not limited to, injunctive relief, monetary damages, attorneys' fees and liquidated damages.

- 5 -

Dated: February 1, 2017

                                                                                              _____
                                                                                              JESSICA MONTGOMERY

Sworn to before me this 18
day of February 1, 2017.

_____
Notary Public

**JANE F. SKINNER**
Notary Public - State of New York
No. 01SK6346412
Qualified in Schenectady County
My Commission Expires August 16, 2020