UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JESSICA MONTGOMERY,

                Plaintiff,

-vs-

TPG ROCHESTER 1 HOTEL MANAGER, LLC
d/b/a HYATT REGENCY ROCHESTER,

                Defendants.

_____

DECISION AND ORDER

17-CV-6734 CJS

INTRODUCTION

Now before the Court is a motion to dismiss this action by defendant TPG Rochester 1 Hotel Manager, LLC d/b/a Hyatt Regency Rochester ("TPG Rochester 1" or "Defendant"), pursuant to Rules 4(m) and 12(b)(5) of the Federal Rules of Civil Procedure. The application is denied, and Plaintiff is granted a further opportunity to serve Defendant.

BACKGROUND

This is the second time that TPG Rochester 1 has moved to dismiss the Complaint pursuant to Rules 4(m) and 12(b)(5).

On October 25, 2017, Jessica Montgomery ("Plaintiff"), who formerly worked at the Hyatt Hotel in Rochester, New York, commenced this action, proceeding *pro se*, maintaining that she suffered employment discrimination on the basis of a disability.

Plaintiff applied for leave to proceed *in forma pauperis*, however, on November 29, 2017, the Court denied that application, and directed her to pay the filing fee. On December 22, 2017, Plaintiff paid the filing fee.

On January 24, 2018, the Court granted Plaintiff's application for service of

process by the U.S. Marshal. Plaintiff subsequently met with a representative of the U.S. Marshal and provided him with a copy of a summons that she had prepared, but which, as it turned out, had not been properly issued by the Clerk of the Court. The Marshal subsequently served the documentation that Plaintiff had provided. In that regard, the summons that Plaintiff prepared indicated that service was to be made upon "TPG Rochester 1 Hotel Managet [sic] LLC, D/B/A Hyatt Regency Rochester 125 East Main Street Rochester, New York 14604."

On March 13, 2018, the U.S. Marshal filed a "Process Receipt and Return" [#6] indicating that on February 26, 2018, "service" was personally made on the Manager of the Hyatt Hotel in Rochester, Jay Rettberg. The Process Receipt and Return did not specifically indicate what papers had been served.

On April 25, 2018, TPG Rochester 1 filed a motion to dismiss [#8], pursuant to Rules 12(b)(5) and 4(m), "for insufficient process." Rule 12(b)(5) permits dismissal for "insufficient service of process," while Rule 4(m) permits dismissal where service is not completed within ninety days after filing a complaint. TPG Rochester 1 indicated that it was never properly served within ninety days after the filing of the Complaint, as required by Rule 4(m), because it had been served only with a copy of the Complaint, and not with a Summons. Defendant acknowledged, though, that Rettberg was authorized to accept service on behalf of Defendant.[1]

On May 1, 2018, Plaintiff filed a response [#11] to the Motion to Dismiss, indicating that she believed she properly served Defendant, because she had taken the summons and complaints to the Marshal's Office, and had been advised by the

---

[1] Docket No. [#9-1] at ¶ 3.

2

Marshal's staff that her paperwork was in order.

On May 18, 2018, the Court issued a Decision and Order [#16] denying the motion to dismiss. The Court noted, in that regard, that Plaintiff had *not* properly served Defendant, since she had not obtained a summons issued by the Clerk of the Court. The Court excused Plaintiff's mistake, and extended the period for her to make service, but strongly cautioned her against making similar mistakes in the future. Specifically, the Court stated:

> [A]lthough Plaintiff maintains that she properly served defendants, it seems clear to the Court that she did not comply with either Rule 4(c)(1) or Rule 4(m). In that regard, the record does not indicate that Plaintiff had properly- issued summonses served along with the Complaint, making it impossible for service to have been completed within ninety days of filing the Complaint, which would have been on January 23, 2018.
>
> It appears that Plaintiff's failure to comply with Rules 4(c)(1) and 4(m) is due mainly to the fact that she is a *pro se* litigant who is unfamiliar with the requirements for service. This fact alone does not provide "good cause" for the Court to extend the time for service. Nevertheless, the Court declines to grant the Motion to Dismiss. As noted earlier, the Court is required to be "particularly solicitous" of *pro se* inmates asserting civil rights claims, such as Plaintiff. Moreover, although Plaintiff erred by failing to prepare individual summonses for each defendant and by failing to have the Clerk sign those summonses, she claims to have been told by the Marshal that her paperwork was in order. Additionally, there is no indication that Plaintiff has any prior litigation experience. Accordingly, the Court, in its discretion, will extend Plaintiff's time for service under Rule 4(m). The time for service is extended by sixty (60) days. Plaintiff must prepare summonses, for each of the defendants, and have them signed by the Clerk. Further, Plaintiff must take the summonses and copies of her Complaint to the Marshal and pay for new service.
>
> \*\*\*
>
> **As a final note, the Court strongly encourages Plaintiff to obtain legal counsel. It should be obvious by now that Plaintiff is most likely in over her head in attempting to pursue this lawsuit *pro se*. Indeed, she has stumbled at one of the most basic steps of the entire process. . . . If Plaintiff elects to proceed *pro se*, she is expected to know the correct procedures and to**

**follow them.**

Decision and Order [#16] (emphasis added). The Court granted Plaintiff sixty additional days, or until July 17, 2018, to serve Defendant.

Plaintiff subsequently attempted to serve Defendant, again using the services of the U.S. Marshal. However, this time, Plaintiff did not provide the same address for Defendant that she had previously used. Instead, she directed the Marshal to serve the Summons and Complaint on Defendant's attorney, rather than on Defendant itself. Specifically, on the Summons Plaintiff wrote Defendant's name and address as follows: "TPG Rochester 1 Hotel Manager, LLC d/b/a Hyatt Regency Rochester CO/ Scott P. Rogoff Attorney for Defendants 2000 Five Star Bank Plaza 100 Chestnut Street Rochester, NY 14604."[2]

The Marshal's Service apparently mailed the Summons and Complaint to Mr. Rogoff via first class mail, along with a form for acknowledgement of service by mail, pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure and Section 312-a of the New York CPLR. However, service under NY CPLR § 312-a is only complete if the defendant who receives the summons and complaint in the mail completes the acknowledgement form and returns it to the plaintiff. *See, e.g., Murray v. Thomason*, No. 17 CV 7004 (VB), 2018 WL 5113955, at *5 (S.D.N.Y. Oct. 19, 2018) ("Personal service may also be made by first class mail under N.Y. C.P.L.R. 312-a. For service to be complete, the defendant must return a signed acknowledgement of receipt to the plaintiff. See N.Y. C.P.L.R. 312-a(b)."). Otherwise, the summons and complaint must be served "in another manner

---
[2] Docket No. [#23], Exhibit 1.

4

permitted by law." NY CPLR § 312-a(e). Defendant's counsel, Mr. Rogoff, did not sign or return the acknowledgement form.

Service by mail would not have been appropriate on a limited liability company such as Defendant in any event. See, New York CPLR § 311-a (Describing the methods for personal service on a limited liability company such as Defendant).

On July 30, 2018, Defendant filed the subject motion to dismiss, arguing that it still has not been properly served. In support of the motion, Rogoff submitted an affidavit in which he states that on July 5, 2018, he received in the mail a Summons and a copy of the Complaint. However, Rogoff states that he has never been authorized by his client to accept service of process. (Defendant has reiterated, though, that Jay Rettberg, the Manager of the Hyatt in Rochester, *is* authorized to accept service).[3] Additionally, Rogoff indicates that on the same day he received the Summons and Complaint in the mail, he called the U.S. Marshal's Service and advised the representative to whom he spoke that he was not authorized to accept such service.[4]

Plaintiff responds that Defendant's motion ought to be denied, since she properly effected service. Although, Plaintiff's argument in this regard is based only on her belief that service is sufficient because Defendant received actual notice of the lawsuit, and because service on an attorney ought to be good enough. Specifically, Plaintiff states, in pertinent part:

In regard to their claim that no documents were delivered to the Hyatt, this is

---
[3] Docket No. [#23-2] at ¶ 2.
[4] Docket No. [#23] at p. 2, ¶ 7. Defendant also maintains that the method of service utilized by the Marshal to serve the papers was incorrect in any event. *Id.* at p. 3, paragraph 11.

5

false. *The law firm, Barclay Damon, received four copies*[.] . . . They have been receiving paperwork for this client throughout the entire case and are only now using this excuse in order to dismiss the case. Because Barclay Damon is the attorney of record for the defendant they are therefore authorized to accept the summons and complaint papers on behalf of their client. (*Macon v. Corr. Med Care, Inc.*, 2015 U.S. Dist. Lexis 99808, *7 (W.D.N.Y. July 30, 2015). Additionally, the cases that the defendants cite all deal with the first service of papers. As this was the second time that the papers were being delivered and there had already been a precedent set for mailing paperwork back and forth to the defendant's lawyer, *I would consider the defendant's attorney as an acceptable agent for the Hyattt.*

Docket No. [#24] at p. 4, paragraph 3 (emphasis added). Plaintiff also contends that it was proper for her to serve Rogoff because Rettberg is not authorized to accept service for Defendant, and she does not know who else to serve.[5] However, as already noted, Defendant has repeatedly indicated that Rettberg *is* authorized to accept service of process.[6]

## DISCUSSION

Preliminarily, "while a *pro se* litigant should ordinarily be afforded a substantial degree of solicitude, the exact degree thereof will depend upon a variety of factors, including, but not necessarily limited to, the specific procedural context and relevant characteristics of the particular litigant." *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010). For example, courts are required to be "particularly solicitous of *pro se* litigants," such as Plaintiff, "who assert civil rights claims." *Id.*

Fed. R. Civ. P. 4(c)(1) states that "[a] summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint

---

[5] Docket No. [#24] at p. 4, paragraph 4.
[6] *See, e.g.*, Rogoff Reply Declaration [#27] at ¶ 4 ("To the contrary, Mr. Rettberg is certainly authorized to accept service.")

served within the time allowed by Rule 4(m)." In particular, Rule 4(m) states that the summons and complaint must be filed within ninety days of the complaint being filed:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (Westlaw 2018).

Although a court "must" extend the time for service if the plaintiff shows "good cause," the court may also extend the time for service even if the plaintiff fails to show good cause. *See, Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("District courts also have discretion to enlarge the [90]–day period even in the absence of good cause."). In such a case, the decision whether to extend the time for service lies within the District Court's discretion. In exercising such discretion, courts frequently consider the following factors:

> (1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision.

*Woodward v. Chautauqua Cty.*, No. 15-CV-0246-RJA-MJR, 2016 WL 4491712, at *3 (W.D.N.Y. July 5, 2016), *report and recommendation adopted*, No. 15-CV-246-A, 2016 WL 4475044 (W.D.N.Y. Aug. 25, 2016).

Here, Plaintiff has not shown good cause for the failure to serve Defendant. Good cause might arise where a plaintiff acknowledged that she had failed to serve the defendant, and offered a good reason therefore. Plaintiff, however, insists that

she properly served Defendant, and has therefore not attempted to show good cause for failing to do so[7].

Plaintiff is incorrect, though, in asserting that service of the Summons and Complaint on Defendant's attorney was proper here. Plaintiff's mistake in this regard flows in part from her expressed belief that Defendant had already been served with the Summons and Complaint, and that she could therefore serve papers in this action on Defendant's attorney. *See*, Docket No. [#24] at p. 4, paragraph 3: "As this was the second time that the papers were being delivered ..."). However, the Court previously extended the period for Plaintiff to serve Defendant precisely because she had *not* properly served Defendant the first time. A plaintiff must properly serve the summons and complaint even if the defendant already has actual notice of the lawsuit.

Additionally, service of a summons and complaint on a defendant's attorney is not effective unless the client has authorized the attorney to receive such service. *See, Williams-Steele v. TransUnion*, 642 F. App'x 72, 73 (2d Cir. Mar. 16, 2016) ("[Plaintiff] argues that, because the law firm represented Trans Union, it was authorized to accept service of process on its behalf as a matter of law. We have held, however, that 'service of process on an attorney not authorized to accept service for his client is ineffective.' *Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092, 1094 (2d Cir.1990). Consequently, the attempted service on Trans Union was ineffective[.]"). Here, Defendant maintains that it never authorized Mr. Rogoff to receive service of the Summons and Complaint, and Plaintiff has not made any

---

[7] In any event, the Court notes that the Marshal's Service is not to blame, as they served the papers at the location specified by Plaintiff. It is not the Marshal's responsibility to advise *pro se* litigants in this regard.

8

showing to the contrary.

Moreover, even assuming that Rogoff was authorized to accept service, service upon him by mail would not be effective unless he executed and returned the acknowledgement form, which he did not do here. Where the defendant does not sign and return the acknowledgement form, it remains the plaintiff's obligation to serve the defendant in another manner permitted by law. The Court's *Pro Se Litigation Guidelines* expressly explain this point.[8] The *Pro Se Litigation Guidelines* further explain that even where the Court has authorized service by the U.S. Marshal, it remains the *pro se* plaintiff's responsibility to monitor the situation to make sure that service is actually completed. Accordingly, in a situation where the Marshal attempts service by mail but the defendant does not sign and return the acknowledgement form, it is the plaintiff's obligation to either make arrangements with the Marshal for service in another manner, or to come back to the Court and request a further order in that regard, and/or to request an extension of time in which to accomplish service.

Additionally, as noted earlier, service by mail would not have been appropriate anyway, since Defendant is a limited liability company. See, New York CPLR § 311-a (Describing the methods for personal service on a limited liability company).

In sum, Plaintiff did not follow the instructions in the *Pro Se Litigation Guidelines*, did not properly serve Defendant by the deadline imposed in the Court's Order [#16], and has not shown good cause for further extending the deadline for service under Rule 4(m). *See, Charles v. New York City Police Dep't*, No. 96CIV.9757(WHP)(THK), 1999 WL 717300, at *6 (S.D.N.Y. Sept. 15, 1999) ("Ignorance of the law, even in the

---

[8] *See*, Pro Se Litigation Guidelines at pp. 7-9.

context of pro se litigants, does not constitute good cause."), *report and recommendation adopted sub nom. Charles v. D'Agostino*, No. 96 CIV. 9757 (WHP), 1999 WL 771406 (S.D.N.Y. Sept. 29, 1999).

Nevertheless, in light of Plaintiff's *pro se* status and the general preference for resolving cases on their merits, the Court has considered whether to exercise its discretion to further extend her time to effect service. In considering the factors set forth above, the Court finds that the applicable statute of limitations would likely bar Plaintiff from refiling the action; that Defendant has had actual notice of Plaintiff's claims since at least April, 2018; that Defendant never attempted to conceal the defect in service; and that Defendant has not shown that it would be prejudiced if the Court were to grant Plaintiff a further extension of time to serve the Summons and Complaint.

The Court is frankly somewhat surprised at Plaintiff's apparent failure to familiarize herself with the *Pro Se Litigation Guidelines* and the pertinent law relative to service of process, especially since the Court previously cautioned her about the perils of proceeding *pro se*. Still, in light of Plaintiff's *pro se* status and the absolute lack of any significant prejudice to Defendant, the Court will allow her an additional opportunity to serve the Summons and Complaint.

CONCLUSION

Defendant's motion to dismiss [#22] is denied. Plaintiff's time for service under Rule 4(m) is extended by forty-five (45) days from the date of this Decision and Order. Plaintiff shall make arrangements with the Marshal to serve Defendant by personally serving the Summons and Complaint on Rettberg in accordance with NY CPLR § 311-

a. (The summons should still be made out to Defendant; Rettberg will merely accept service on Defendant's behalf)  Upon the completion of service, Plaintiff shall immediately file the proof of service with the Court.

IT IS SO ORDERED.

DATED: October 31, 2018
Rochester, New York

_____
CHARLES J. SIRAGUSA
United States District Judge